UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.    2:23-cv-07747-SPG-AJR | Date:  September 21, 2023<br>Page 1 of 3 |

Title:    Mauricio Herrera Hernandez v. B. Birkholz, Warden

---

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DENIED BECAUSE PETITIONER IS STATUTORILY INELIGIBLE FOR TIME CREDITS**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On September 5, 2023, Mauricio Herrera Hernandez, ("Petitioner"), a federal prisoner proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2241 (the "Petition"). (Dkt. 1.) Petitioner was convicted by the Eastern District of Virginia and sentenced on March 9, 2022 to a term of imprisonment of 38 months. (Id. at 2.) Petitioner is "not challenging the sentence or conviction," but instead is "challenging the way [his] sentence is being carried out." (Id. at 7.) Specifically, Petitioner contends that he has been wrongfully denied the benefit of good time credits under the First Step Act "due to a final order of deportation that was lodged against him from I.C.E." (Id. at 4.) Petitioner has attached to his Petition an Immigration Detainer – Notice of Action which states that there is "[a] final order of removal against the alien" and that "[b]iometric confirmation of the alien's identity and a records check of federal databases . . . affirmatively indicate . . . that the alien either lacks immigration status or notwithstanding such status is removable under U.S. immigration law." (Id. at 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:23-cv-07747-SPG-AJR                           Date:  September 21, 2023
                                                                                    Page 2 of 3

Title:    Mauricio Herrera Hernandez v. B. Birkholz, Warden

___

Petitioner is advised that the plain language of the First Step Act renders a prisoner ineligible for time credits if they are subject to a final order of removal:

> "A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(17)))."

18 U.S.C. § 3632(d)(4)(E)(i).  Therefore, Petitioner appears to be statutorily ineligible for earned time credits under the First Step Act and cannot obtain the relief he seeks by his Petition.  See Felix-Felix v. Engleman, No. CV 23-1722 CJC (PVC), 2023 WL 3903817, at *3 (C.D. Cal. May 11, 2023) ("Because Petitioner is subject to a final order of removal, the relevant provisions of the First Step Act do not apply to him. Section 3632(d)(4)(E)(i) categorically bars early release for inmates who are subject to a final order of removal . . . ."), report and recommendation adopted, No. CV 23-1722 CJC (PVC), 2023 WL 3901778 (C.D. Cal. June 7, 2023); Alatorre v. Derr, 2023 WL 2599546, at *4 (D. Haw. Mar. 22, 2023) ("[F]ederal prisoners who are 'subject to a final order of removal under any provision of the immigration laws' cannot apply earned time credits.") (quoting 18 U.S.C. § 3632(d)(4)(E)(i)); Villegas-Escobar v. Derr, 2023 WL 1993936, at *2 (D. Haw. Feb. 14, 2023) ("Section 3632 also provides that certain prisoners are ineligible to receive time credits, such as those who are 'subject to a final order of removal under any provision of the immigration laws,' 18 U.S.C. § 3632(d)(4)(E)(i), and those who have been convicted of certain enumerated offenses, 18 U.S.C. § 3632(d)(4)(D) (listing 49 offenses).").

Despite the documentation stating that Petitioner is subject to a final order of removal, Petitioner appears to dispute the existence of the final order of deportation.  (Dkt. 1 at 4 ("Petitioner does not have a final order of deportation . . . .").)  Additionally, Petitioner appears to contend that the Immigration Detainer – Notice of Action only supports the existence of an immigration detainer and not a final order of deportation.  (Dkt. 1 at 5 (The BOP is interpreting a detainer as a final order of deportation.").)  However, as referenced above, the Immigration Detainer – Notice of Action specifically states that there is "[a] final order of removal against the alien."  (Id. at 10.)  Therefore, this document appears to provide

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    2:23-cv-07747-SPG-AJR | Date:  September 21, 2023 |
| | Page 3 of 3 |

Title:     Mauricio Herrera Hernandez v. B. Birkholz, Warden

---

evidence of a final order of removal and Petitioner appears to be statutorily ineligible for time credits under the First Step Act.

Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **twenty-one (21) days** of the date of this Order, why the Petition should not be denied because Petitioner is statutorily ineligible for time credits under the First Step Act.  **Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason why he is eligible for time credits under the First Step Act.**

**Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).** Petitioner is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Petitioner's convenience.**

IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).